UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY, | No. 2:21-cv-0509 AC P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 4.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3      II.      Statutory Screening of Prisoner Complaints

4          The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16  Franklin, 745 F.2d at 1227-28 (citations omitted).

17          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28  cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1    R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3    relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4    Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

7    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9    pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11        III.    Complaint

12        The complaint alleges that defendants Cabrera, Lujan, Blas, Chavez, Chima, Buckley,

13   Garcia, Pierce, Bales, Sabala, and Allison violated plaintiff's rights under the First, Fourth,

14   Eighth, and Fourteenth Amendments, as well as under the Prison Rape Elimination Act (PREA).

15   ECF No. 1. Specifically, plaintiff alleges that on April 12, 2019, about two hours after taking a

16   shower, he was called to the Program Office and told that he was going to administrative

17   segregation for indecent exposure based on Cabrera's report that he had exposed himself to her

18   from the shower while she was assisting in the control tower. Id. at 11, ¶¶ 1-4. At his

19   disciplinary hearing on May 14, 2019, Bales found plaintiff guilty of indecent exposure based

20   solely on Cabrera's report. Id. at 11-12, ¶¶ 6-7. In July 2019, plaintiff contacted the PREA

21   auditor and he was visited by an investigator on August 11, 2019, which resulted in the cuff port

22   in the shower being covered. Id. at 12, ¶ 7.

23        After plaintiff was escorted to administrative segregation due to the indecent exposure

24   charges, he was put in a holding cage. Id. at 12, ¶ 9. Lujan and Chima then came to handcuff

25   plaintiff and removed him from the cage. Id., ¶¶ 10-11. When plaintiff had taken about three or

26   four steps out of the holding cage Lujan and Chima lifted him off the ground and slammed his

27   face into the cement floor, causing injuries to his face and shoulder. Id., ¶ 11. He then lay on the

28   ground with Lujan and Chima on top of him while Chavez, Buckley, and Pierce observed and did

3

nothing to intervene.  Id. at 13, ¶ 12.  These defendants then proceeded to fabricate an assault on staff charge against plaintiff.  Id., ¶¶ 12-16.

The incident reports from the use of force showed that Blas was assigned as the investigative employee and prepared a report on May 14, 2019, and that Chavez was assigned as plaintiff's staff assistant, though plaintiff did not receive any assistance.[1]  Id. at 14, ¶¶ 18-19.  When plaintiff found out that Blas worked with Lujan and Chima, he told Blas to step down as investigative employee, which Blas agreed to do.  Id., ¶¶ 21-22.  However, plaintiff appears to allege that instead, Blas stayed on as investigative employee and conducted only a partial investigation.  Id., ¶ 23.  At the disciplinary hearing for the assault charge, plaintiff informed Sabala, who was acting as the hearing officer, that Blas had obstructed his defense by failing to interview witnesses.  Id. at 15, ¶ 24.  Sabala then left to conduct his own investigation and returned thirty minutes later with Lujan and Chavez.  Id., ¶¶ 25-26.  Upon his return, Sabala allowed Lujan to alter his statement and told plaintiff that he would assume that plaintiff's witnesses would have said that plaintiff did not assault Lujan.  Id., ¶ 26.  Sabala then found plaintiff guilty of assaulting staff.  Id., ¶ 27.  Plaintiff seeks damages and injunctive relief.  Id. at 17, 19-20, 22.

IV.    Claim I

In Claim I, plaintiff alleges that defendants Cabrera, Bales, and Allison retaliated against him.  ECF No. 1 at 16-17.  A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff alleges that Cabrera wrote him up for indecent exposure because he filed a staff misconduct claim against her for glaring at him in the shower.  ECF No. 1 at 16.  However, he

---

[1]  In several places the complaint indicates dates in 2009.  ECF No. 1 at 14-15, ¶¶ 17-19, 24. These appear to be typographical errors.

1    also alleges that his shower was completed "without incident," that he was called in on the

2    charges only two hours after his shower, and that he did not file his PREA complaint until

3    approximately three months after he was written up.  Id. at 11-12.  Plaintiff's PREA complaint

4    cannot serve as the basis for Cabrera's alleged retaliation because it occurred after plaintiff was

5    written up, and to the extent he alleges Cabrera's conduct was prompted by another complaint, it

6    is unclear when the complaint was made or that Cabrera was aware of the complaint such that it

7    could have motivated her conduct.  Plaintiff similarly fails to state a claim for retaliation against

8    Bales because there are no allegations that Bales found him guilty of the indecent exposure

9    charge because of some protected conduct, and to the extent plaintiff is attempting to claim he

10   was found guilty due to complaints against Cabrera, the PREA complaint occurred after the

11   disciplinary hearing and plaintiff has not identified when he made any other complaints or alleged

12   facts demonstrating that such complaints motivated Bales to find him guilty.  With regard to

13   defendant Allison, plaintiff alleges only that "on Appeal the Director/Secretary K. Allison

14   appear[s] to routinely confirm this type of arbitrary practice."  Id. at 17.  This allegation fails to

15   establish any adverse action against plaintiff, let alone that such action was motivated by

16   protected conduct.

17        V.      Claim II

18        In Claim II, plaintiff alleges that defendants Cabrera, Bales, and Allison violated his right

19   to privacy under the Fourth Amendment, his right to be protected from the view of the opposite

20   sex without a legitimate penological reason in violation of the Eighth Amendment, and his rights

21   under the PREA.  ECF No. 1 at 18-19.

22            A.      Fourth Amendment

23        The Ninth Circuit has recognized that "incarcerated prisoners retain a limited right to

24   bodily privacy."  Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988).  However, while

25   the "circuit's law respects an incarcerated prisoner's right to bodily privacy, [it] has found that

26   assigned positions of female guards that require only infrequent and casual observation, or

27   observation at distance, and that are reasonably related to prison needs are not so degrading as to

28   warrant court interference."  Id. at 334 (citing Grummett v. Rushen, 779 F.2d 491, 494-95 (9th

1   Cir. 1985).  Plaintiff's allegation that Cabrera "glared" at him during his shower from thirty yards

2   away with an obstructed view while she was assisting in the control tower is insufficient to state a

3   claim for violation of plaintiff's right to privacy.  See id. ("Evidence of female officers' role in

4   shower duty . . . did not establish an inappropriate amount of contact with disrobed prisoners.");

5   Grummett, 779 F.2d at 494-95 (no violation of privacy where female guards were assigned to

6   positions where they observed unclothed male inmates when positions "require[d] infrequent and

7   casual observation, or observation at a distance").

8          B.  Eighth Amendment

9          "Although prisoners have a right to be free from sexual abuse, . . . , the Eighth

10   Amendment's protections do not necessarily extend to mere verbal sexual harassment."  Austin v.

11   Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted).  While "the Ninth

12   Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth

13   Amendment violation, the Court has specifically differentiated between sexual harassment that

14   involves verbal abuse and that which involves allegations of physical assault, finding the latter to

15   be in violation of the constitution."  Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal.

16   2004) (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000)); Austin, 367 F.3d at

17   1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where

18   officer exposed himself to prisoner but never physically touched him).

19          In general, allegations of verbal harassment or abuse do not state a cognizable claim under

20   § 1983.  Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Somers v. Thurman, 109 F.3d

21   614, 624 (9th Cir. 1997) (found inmate failed to state a claim where female correction officers

22   pointed, joked, and "gawked" at an inmate while he showered).  Plaintiff's only allegation is that

23   defendant Cabrera did not announce her presence when she entered the control tower and then

24   "glared" at plaintiff from approximately thirty yards away while he was in the shower.  Based on

25   the facts alleged, plaintiff cannot state a claim for sexual harassment in violation of the Eighth

26   Amendment because there was no physical contact or even verbal exchange between plaintiff and

27   Cabrera or any other defendant.

28   ////

6

1

C.  PREA Violation

2    "In order to seek redress through § 1983, . . . a plaintiff must assert the violation of a

3    federal *right*, not merely a violation of federal *law*."  Blessing v. Freestone, 520 U.S. 329, 340

4    (1997) (emphasis in original) (citing Golden State Transit Corp. v. Los Angeles, 493 U.S. 103,

5    106 (1989).  The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape

6    in prison, allocation of grants, and creation of a study commission," but there is nothing in the

7    PREA to indicate that it created a private right of action, enforceable under § 1983 or otherwise.

8    Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1, 2012 U.S. Dist.

9    LEXIS 58021, at *3 (E.D. Cal. Apr. 25, 2012) (collecting cases); see also  Law v. Whitson, No.

10   2:08-cv-0291-SPK, 2009 WL 5029564, at *4, 2009 U.S. Dist. LEXIS 122791, at *9 (E.D. Cal.

11   Dec. 15, 2009); Bell v. County of Los Angeles, No. CV 07-8187-GW(E), 2008 WL 4375768, at

12   *6, 2008 U.S. Dist. LEXIS 74763, *16 (C.D. Cal. Aug. 25, 2008); Inscoe v. Yates, No. 1:08-cv-

13   001588 DLB PC, 2009 WL 3617810, at *3, 2009 U.S. Dist. LEXIS 108295, *8 (E.D. Cal. Oct.

14   28, 2009).  Since the Act itself contains no private right of action, nor does it create a right

15   enforceable under §1983, to the extent plaintiff is attempting to allege a PREA violation against

16   defendants Cabrera, Bales, and Allison, he fails to state a claim for relief.

17   VI.    Claim III

18   Claim III alleges that defendants Lujan, Chima, Blas, Chavez, Buckley, and Pierce

19   violated plaintiff's rights under the Eighth Amendment when Lujan and Chima used excessive

20   force against him and Blas, Chavez, Buckley, and Pierce failed to intervene.  ECF No. 1 at 19-20.

21   Plaintiff's allegations are sufficient to state claims for excessive force against Lujan and

22   Chima.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously

23   and sadistically to cause harm" (citation omitted)).  However, he has failed to state a claim for

24   failure to protect against Blas, Chavez, Buckley, and Pierce.  Lujan and Chima's use of force

25   consisted of a single incident of slamming plaintiff to the ground.  There are no facts showing that

26   the other defendants knew Lujan and Chima were going to use force on plaintiff or that the use of

27   force was of a prolonged nature such that they would have had the ability to intervene.  See

28   Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted)

(Eighth Amendment violated where prison official is deliberately indifferent to serious risk of harm).  To the extent plaintiff's claim is premised on the fact that Lujan and Chima continued to hold him down after slamming him into the ground, there are no facts demonstrating that the other defendants were aware that plaintiff was being held down in a way that put him at serious risk of harm.

VII.   Claim IV

In Claim IV, plaintiff alleges that defendants Bales, Sabala, Blas, Chavez, Garcia, and Allison violated his due process rights in relation to his disciplinary proceedings related to the indecent exposure and assault charges.  ECF No. 1 at 20-21.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive certain procedural protections, including the opportunity to call witnesses and a sufficiently impartial factfinder.  See id. at 563-66, 570-71 (outlining required procedural protections).  In this case, plaintiff has not alleged the loss of any good time credits, and the Wolff court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."  Id. at 571 n.19.  Since plaintiff does not allege the loss of any good-time credits, he may also demonstrate that he is entitled to the due process outlined in Wolff by alleging facts showing that the disciplinary caused a change in confinement that "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  Sandin v. O'Conner, 515 U.S. 472, 484 (1995).  Since plaintiff has failed to make any allegations regarding the penalties he received as a result of the two disciplinaries, he has not established he suffered an atypical and significant hardship and therefore fails to state a claim for the denial of due process.

////

////

////

8

VIII.   Injunctive Relief

The Ninth Circuit has held that

> a corrections department secretary and prison warden were proper
> defendants in a § 1983 case because "[a] plaintiff seeking injunctive
> relief against the State is not required to allege a named official's
> personal involvement in the acts or omissions constituting the
> alleged constitutional violation.   Rather, a plaintiff need only
> identify the law or policy challenged as a constitutional violation
> and name the official within the entity who can appropriately
> respond to injunctive relief."

Colwell v. Bannister, 763 F.3d 1060, 1070 (9th Cir. 2014) (alteration in original) (quoting

Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013)).  Plaintiff has

indicated that he has named defendants Bales, Sabala, and Allison in their official capacities and

seeks injunctive relief requiring that the CDCR "eliminate all fraudulent reports/documents

regarding Indecent Exposure and Assault on Staff."  ECF No. 1 at 22.  He also requests a

protective order requiring defendant Allison to "stop the constant Sexual Abuse imposed upon

Plaintiff."  Id.  However, plaintiff has not alleged facts showing that he was subject to sexual

abuse or that that his disciplinary reports were fraudulent, let alone that there was a law, policy, or

practice in effect that led to the violation of his constitutional rights.  Accordingly, he has failed to

allege facts that would support a claim for injunctive relief.

IX.   Leave to Amend

For the reasons set forth above, the court finds that the complaint states a cognizable claim

for excessive force against defendants Lujan and Chima only.  All other allegations are

insufficient to support cognizable claims for relief against any defendant.  However, it appears

that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to

amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Lujan and Chima on his excessive

force claim or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how

he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

file an amended complaint.  If plaintiff elects to proceed on his excessive force claims against

defendants Lujan and Chima without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims and defendants.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

X.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not.  Your excessive force claim against Lujan and Chima is sufficient to require a response.  You have not alleged enough facts to state any other claims for relief.

10

You have a choice to make.  You may either (1) proceed immediately on your excessive force claim against Lujan and Chima and voluntarily dismiss the other claims and defendants or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims and defendants except the excessive force claim against Lujan and Chima.  If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims and information not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's claims against defendants Cabrera, Blas, Chavez, Buckley, Garcia, Pierce, Bales, Sabala, and Allison do not state claims for which relief can be granted.

4.  Plaintiff has the option to proceed immediately on his excessive force claim against defendants Lujan and Chima as set forth in Section V.I. above, or to amend the complaint.

5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against Cabrera, Blas, Chavez, Buckley, Garcia, Pierce, Bales, Sabala, and Allison.

11

6.   Plaintiff's motion to serve the complaint, ECF No. 7, is GRANTED to the extent that plaintiff may choose to proceed immediately on his claims against defendants Lujan and Chima. The motion is otherwise DENIED.

DATED: October 12, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN HARDNEY,                          No.  2:21-cv-0509 AC P

12                 Plaintiff,

13        v.                                PLAINTIFF'S NOTICE ON HOW TO
                                            PROCEED
14   KATHLEEN ALLISON, et al.,

15                 Defendants.

16

17        Check one:

18   _____ Plaintiff wants to proceed immediately on his excessive force claim against defendants

19        Lujan and Chima without amending the complaint.  Plaintiff understands that by going

20        forward without amending the complaint he is voluntarily dismissing without prejudice

21        his claims against defendants Cabrera, Blas, Chavez, Buckley, Garcia, Pierce, Bales,

22        Sabala, and Allison pursuant to Federal Rule of Civil Procedure 41(a).

23

24   _____ Plaintiff wants to amend the complaint.

25

26   DATED:_____

27                                          _____
                                            John Hardney
28                                          Plaintiff pro se

                                            1