UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | No. 2:21-cv-0509 TLN AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's motion for injunctive relief and for a settlement conference (ECF No. 26), and defendants' motions to revoke plaintiff's in forma pauperis status (ECF No. 27) and to extend their time to file a responsive pleading (ECF No. 28).

Plaintiff requests an order directing defendants to return his legal materials and remove all housing restrictions. ECF No. 26. He claims that on February 23, 2022, he was moved into "PSU housing on quarantine status for COVID-19" despite being cleared two to three weeks prior. Id. at 1. Plaintiff asserts that the move was retaliatory and that due to his current housing assignment he is subject to unspecified housing restrictions and has been deprived of his legal materials. Id.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

1

balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Furthermore, mandatory preliminary injunctions like the one plaintiff seeks, as opposed to those which preserve the *status quo*, are "particularly disfavored" and "the district court should deny such relief unless the facts and law clearly favor the moving party." Stanley v. Univ. of S. Calif., 13 F.3d 1313, 1320 (9th Cir. 1994) (citation and internal quotation marks omitted); Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (plaintiff seeking mandatory injunction "must establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed." (emphasis in original)).

At this stage, plaintiff has failed to demonstrate that he is likely to succeed on the merits. Defendants have moved to revoke plaintiff's in forma pauperis status, which may result in dismissal of this case if the motion is granted and plaintiff is unable to pay the filing fee in full. Furthermore, plaintiff has not shown that he is likely to suffer irreparable harm as he has not identified the housing restrictions he has been subjected to or specified what legal materials he is being denied or why he requires access to said materials. As such, he also fails to demonstrate that the balance of equities tips in his favor or that an injunction is in the public interest. Finally, plaintiff makes only a conclusory assertion that his housing assignment is retaliatory, and there is no evidence that it was the result of defendants' conduct or the conduct of individuals working in concert with defendants. See Fed. R. Civ. P. 65(d)(2) (an injunction can bind non-parties only if they are acting "in active concert or participation" with a party); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation."). For all these reasons, the motion for injunction should be denied.

Plaintiff also requests that the court schedule the parties for a settlement conference. ECF No. 26 at 2. On March 18, 2022, defendants requested to opt out of the Post-Screening ADR Project, ECF No. 24, and that request was granted, ECF No. 25. In light of defendants' recent representation that they believe a settlement conference would be a waste of resources at this time, and the currently pending motion to revoke plaintiff's in forma pauperis status, the request for a settlement conference will be denied.

As noted above, defendants have filed a motion to revoke plaintiff's in forma pauperis status, which could potentially lead to the dismissal of this action. Given the potential for dismissal, defendants have requested that their time to file a responsive pleading be extended. The request will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a settlement conference (ECF No. 26) is DENIED.

2. Defendants' motion for an extension of time (ECF No. 28) is GRANTED. The deadline for defendants to respond to the complaint will be set, as necessary, upon resolution of the pending motion to revoke plaintiff's in forma pauperis status.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 26) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 25, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE